IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND ) <br> PIPEFITTERS NATIONAL ) <br> PENSION FUND, ) <br>　　　　　　　　　　　　　　　　 ) <br>　　　　　　　Plaintiffs, ) <br>　v.　　　　　　　　　　　　　 ) <br>　　　　　　　　　　　　　　　　 ) <br>MCREYNOLDS PROCESS PIPING ) <br>AND PLUMBING, LLC, ) <br>　　　　　　　　　　　　　　　　 ) <br>　　　　　　　Defendant. ) <br>　　　　　　　　　　　　　　　　 ) | Civil Action No. 1-21-cv-00140-TSE-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 10) against defendant McReynolds Process Piping and Plumbing, LLC ("defendant"). Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against defendant in the total amount of $20,393.38.

**I.    Background**

On February 8, 2021, plaintiffs filed this action against defendant for failure to submit contribution payments, pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendant's registered agent and member, James D. McReynolds was served by private process server on April 14, 2021. *See* Executed Summons (Dkt. No. 5). Defendant did not enter an appearance or otherwise respond to the Complaint, and, on July 21, 2021, the Clerk entered defendant's default. *See* Entry of Default (Dkt. No. 8). On July 29, 2021,

Plaintiffs filed the instant Motion for Default Judgment. (Dkt. No. 10). Defendant failed to appear at the hearing on this Motion on August 27, 2021 before the undersigned, and the matter was taken under advisement.

## II.     Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in complaint). Here, as defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

## III.    Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction under 29 U.S.C. §§ 185(a) and 1132(e)(2) and venue pursuant to 28 U.S.C. § 1391 are proper because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV.     Facts

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of plaintiffs' Motion for Default Judgment.

Plaintiffs in this matter are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). (Dkt. No. 1) at 1. The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314. *Id.* ¶ 1.

Defendant is a Kentucky corporation. *Id.* ¶ 2. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. §§ 152(2) and 1002(5), and was engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(11) and (12). *Id.* Defendant is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 184 ("Agreement"). *Id.* ¶ 4. At all relevant times, defendant employed persons covered under the Agreement. *Id.* ¶ 6. Pursuant to the terms of the Agreement, defendant was required to submit reports and contribution payments to plaintiffs. *Id.* ¶ 5.

Defendant failed to pay required contributions from November 2019 through December 2020 in the amount of $14,782.04. (Dkt. No. 13) at 2. Defendant owes $1,934.85 in interest assessed at the rate of 12% per annum from November 2019 through August 6, 2021 and continuing to accrue. *Id.* Defendant owes $1,478.20 in liquidated damages for November 2019 through December 2020. *Id.* Defendant also seeks costs in the amount of $728.29 and attorneys' fees in the amount of $1,470.00. *Id.*

Through the instant action, Plaintiffs seek a judgment against Defendant for the payment of all delinquent contributions plus liquidated damages, interest, attorneys' fees, and costs pursuant to the Agreement and ERISA.

**V.     Discussion and Findings**

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that defendant failed to make monthly

4

contributions to plaintiffs on behalf of its Local 184 employees. Defendants' failure to make these required payments violated the Agreement and ERISA, 29 U.S.C. § 1145, and therefore plaintiffs are entitled to default judgment in their favor and damages as detailed below.

### A.     Unpaid Contributions, Interest, and Liquidated Damages

Plaintiffs' memorandum in support of default judgment asserts that defendant owes missed contributions in the amounts of $14,782.04 for January 2019 through December 2020. (Dkt. No. 13) at 2. While plaintiff cannot conclusively know what contributions are owed, as defendant has failed to submit the requisite reports, they have calculated the contributions owed based off of the three months when defendant properly paid its contributions (August, September, and October of 2019). (Dkt. No. 13-1) at 3. By failing to respond and dispute these numbers, these facts are deemed admitted. Under Article VI, Section 5 of the Agreement, defendant is further liable to plaintiff for interest on the delinquent contributions at a rate of 12% per annum, totaling $1,934.85 through August 6, 2021 and continuing through the date of payment, as well as liquidated damages of 10% of the total amount owed, totaling $1,478.20. *Id.* Pursuant to the Agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover these amounts.

### B.     Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of John R. Harney establishes that plaintiffs have incurred $1,470.00 in attorney's fees and $728.29 in costs in connection with this matter. (Dkt. No. 13-6). The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. Accordingly, the undersigned recommends that plaintiffs be awarded this amount in addition to the damages set forth above.

## VI. Recommendation

In conclusion, the undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amounts discussed above, totaling $20,393.38.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

August 27, 2021
Alexandria, Virginia